DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| CHOICE HOTELS INTERNATIONAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Civil Action No. 2013-MC-0023 |
| SPECIAL SPACES, INC., GUSTAV JAMES, ) | |
| OTTO JAMES, AND ARTHUR PETERSEN, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**Attorneys:**
**Andrew C. Simpson, Esq.,**
St. Croix, U.S.V.I.
   *For Plaintiff*

**Ronald E. Russell, Esq.,**
St. Croix, U.S.V.I.
   *For Defendants*

## MEMORANDUM OPINION AND ORDER

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Defendant's Motion For Reconsideration (Dkt. No. 47), and Plaintiff's response thereto (Dkt. No. 48). For the reasons that follow, the Court will deny the Motion for Reconsideration.

### I.    BACKGROUND

As the parties are familiar with the underlying dispute, the Court writes only to address the immediate motion.

On June 3, 2020, the Court affirmed Magistrate Judge Ruth Miller's Order (Dkt. No. 18) denying Defendants' motion to quash depositions, and granted in part Plaintiff's motion for sanctions. (Dkt. No. 40). The Court also addressed Defendants' challenge to both the registration

of the Maryland judgment with this Court as well as the underlying merits of the Maryland judgment, which Defendants raised in their appeal. In this regard, the Court found that Plaintiff's filing "constituted a registration of the Maryland federal judgment in this Court, pursuant to 28 U.S.C. § 1963." (Dkt. No. 40 at 9). The Court also concluded that: "Defendants had full opportunity to raise their claims before the rendering court, and thereafter chose not to appeal the rendering court's decision. Defendants cannot now seek to make an end run around the process by lodging a collateral attack on the judgment of the rendering court." *Id.* at 11 (citing *In re Universal Display & Sign Co.*, 541 F.2d 142, 144 (3d Cir. 1976)).

On June 6, 2020, Plaintiff's counsel filed notices to take the depositions of Defendants Gustav James (Dkt. No. 43), Otto James (Dkt. No. 44), and Arthur Peterson (Dkt. No. 45) on June 29, 2020.[1] On June 17, 2020, Defendants filed the instant Motion for Reconsideration of the Court's June 3, 2020 Order (Dkt. No. 47), and Plaintiff filed an opposition to that Motion on June 18, 2020 (Dkt. No. 48).

## II.   APPLICABLE LEGAL PRINCIPLES

"The purpose of a motion for reconsideration . . . 'is to correct manifest errors of law or fact or to present newly discovered evidence.'" *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985)). Accordingly, in order to prevail on a motion for reconsideration, "a plaintiff must show '(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct clear error of law or fact or to prevent manifest injustice.'" *Butler v. Pa. Bd. of Probation & Parole,* 613 F. App'x 119, 125 (3d

---

[1] On June 24, 2020, Plaintiff cancelled those depositions (Dkt. No. 52) and rescheduled the depositions for Gustav James and Arthur Peterson for July 6, 2020 (Dkt. Nos. 50-51).

2

Cir. 2015) (quoting *Max's Seafood Café,* 176 F.3d at 677); *see also* Local Rule of Civil Procedure 7.3 (listing same three grounds).

Motions for reconsideration "are not to be used as 'a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not.'" *Greene v. V.I. Water & Power Auth.,* 2012 WL 4755061, at *2 (D.V.I. Oct. 5, 2012) (internal citation omitted). In addition, reconsideration is not a substitute for appeal and is not a proper avenue for repeated litigation of the merits of a case. *See Green v. Apker,* 153 F. App'x 77, 80 n.5 (3d Cir. 2005); *Ogden v. Keystone Residence,* 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) ("A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant.").

### III.   DISCUSSION

In the Motion for Reconsideration, Defendants attack the merits of the Court's June 3, 2020 Order, arguing that it "fail[s] to adequately address the fact that defendants were not afforded an opportunity to be heard in this matter prior to entry of judgment." (Dkt. No. 47 at 1). Defendants also argue that the liquidated damages assessed are "grossly excessive and out of all proportion[,]" and further, that Defendants have not previously challenged in court Plaintiff's alleged "predatory tendencies." *Id.* at 2. Defendants also cite as "significant changes in circumstances" the death of one Defendant, the retirement of two others, and the lack of business viability of the fourth Defendant. *Id.* at 2.

Plaintiff contends that none of these arguments present a valid basis for the Court to grant Defendants' Motion for Reconsideration. (Dkt. No. 48). The Court agrees.

3

Defendants have failed to establish any basis for reconsideration as there has been no intervening change in controlling law; no new evidence that was not available when the Court issued its June 3, 2020 opinion; and no clear error or manifest injustice. *See Harsco Corp.*, 779 F.2d at 909. Instead, Defendants seek to relitigate matters already addressed by the Maryland court and this Court, or raise arguments that could have been raised before but were not. Thus, Defendants have failed to show that reconsideration of the Court's June 3, 2020 Memorandum Opinion and Order is warranted.

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that Defendant's Motion For Reconsideration (Dkt. No. 47) is **DENIED**.

**SO ORDERED.**

Date:   June 30, 2020                                                  _____/s/_____
                                                                                    WILMA A. LEWIS
                                                                                    Chief Judge